34 So.2d 373

**COX v. SHREVEPORT PACKING CO.**

No. 38399.

Feb. 16, 1948.

See also 212 La. 325, 31 So.2d 815.

Booth, Lockard & Jack, of Shreveport, for plaintiff-relator.

Cook, Clark & Egan, of Shreveport, for respondent.

HAMITER, Justice.

In this action in tort, instituted against the Shreveport Packing Company on May 5, 1945, plaintiff, Jesse L. Cox, seeks to recover damages for personal injuries allegedly resulting from the negligence of one Sentell, an employee of the defendant, in his operation of an automobile on October 4, 1941, in Caddo Parish.

To negative prescription as to this defendant, plaintiff alleged:

"Your petitioner now shows that shortly after the said accident, to-wit: on or about the 4th day of June, 1942, your petitioner filed suit in the First Judicial District Court, in and for Caddo Parish, Louisiana, against the said John Mercer Sentell, Jr., being proceedings entitled: Jesse L. Cox v. John Mercer Sentell, Jr., No. 85,162 on the docket of the said Court, seeking to recover damages for the injuries sustained by your petitioner due to the negligence of the said John Mercer Sentell, Jr., which suit is still pending.

"That on March 20, 1945, your petitioner discovered for the first time that the defendant, John Mercer Sentell, Jr., at the time of the collision set forth in your petitioner's original petition, was employed by the said Shreveport Packing Company and was on an errand and mission for said company."

In bar of the action, defendant pleaded the prescription of one year. On this plea being overruled it answered, denying any

negligence by the employee and alleging fault on the part of plaintiff. As a special defense, it averred that at the time of the accident Sentell was not engaged upon its business, he, shortly prior thereto, having deviated from his employment.

There was judgment in the district court in favor of plaintiff, and also in favor of an intervenor which had paid compensation to him, and against the defendant. On appeal to the Court of Appeal the judgment was reversed and the suit, together with the intervention, dismissed, that tribunal having concluded that Sentell was not within the scope of his employment on the occurrence of the accident. 28 So.2d 617. The case is before this court on a writ of certiorari or review.

A consideration of the merits of the litigation should not be undertaken unless it be determined that defendant's plea of prescription (seriously urged here) is without merit. To such plea, therefore, we first address ourselves.

As before shown the accident occurred October 4, 1941. Suit was filed against Sentell (defendant's employee) individually on June 4, 1942, and it is still pending in the district court. The instant action was not commenced until May 5, 1945, or approximately three years and seven months from the day on which plaintiff was injured; and in it defendant is sought to be held liable solely under the respondeat superior doctrine. Plaintiff does not allege or contend that the employer caused the employee to commit the tort or assisted in the commission of it.

Actions for damages resulting from offenses or quasi offenses are prescribed by one year. Civil Code, Article 3536. And the prescription runs from the day on which the injury was sustained. Civil Code, Article 3537. From which it follows that the demands of plaintiff against this defendant are barred by the mentioned one year prescription unless he can show that its accruing was prevented by some interruption.

Counsel for plaintiff insist that the suit against Sentell, instituted within one year from the accident, interrupted the running of prescription as against this defendant. They take the position that Sentell and his employer are solidary obligors, and they argue that under the law of this state the citing in a judicial proceeding of one debtor in solido prevents the prescribing of the obligation as to the others.

Civil Code, Article 3552, insofar as pertinent, reads: "A citation served upon one debtor in solido, or his acknowledgement of the debt, interrupts the prescription with regard to all the others and even their heirs." When this provision is analyzed the impression is gained that it was intended to be applicable only to contractual obligations, not to tort matters. Thus, it speaks of a "debtor in solido," and according to Article 3556, which furnishes the general definitions of the terms of law used

in the Civil Code, an "obligor or debtor is the person who has engaged to perform some obligation." Again, Article 3552 provides for the interruption of prescription as to all when one of the debtors in solido makes "acknowledgment of the debt." We do not understand the law to be that an admission of fault and liability by the perpetrator of a wrong is conclusive as to him who is only secondarily liable, such as a master answerable for the torts of his servant or parents responsible for the damage occasioned by their minor children residing with them. As to the latter relationship this court has definitely held that an admission by a minor respecting his commission of an offense is inadmissible in evidence in a suit against the father to recover damages therefor. Toca v. Rojas, 152 La. 317, 93 So. 108; Rush v. Town of Farmerville et al., 156 La. 857, 101 So. 243.

■ But notwithstanding that the discussed provision of Article 3552 seemingly was intended to be applicable only to contractual obligations, it has been applied in actions against joint tort-feasors. This court has held that they are liable in solido and that service of citation on one of them interrupts prescription as to all. The holding, which is understandable and not improper, has as its basis the following provisions of Civil Code Article 2324: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such

act." By these provisions all persons who actively participate in the commission of a tort are responsible solidarily to the injured person for the consequences of their joint act. For the entire damage resulting from their combined wrongful efforts, in other words, each is made liable. And joint tort-feasors being so answerable, no harm can result from applying to them, as this court has done, the provision of Article 3552, reciting: "A citation served upon one debtor in solido * * * interrupts the prescription with regard to all the others * * *." Each of the joint tort-feasors possesses knowledge of the facts and circumstances attending the wrong committed; and when a suit to recover damages is instituted against one of them before prescription has accrued, the others, by reason of such knowledge, are in a position to adequately protect themselves in defense of the action even though cited after the expiration of the one year prescriptive period.

■ There appears no justification, on the other hand, for applying the discussed provision of Civil Code Article 3552, to the obligation of the master (who is not at fault) for the damages resulting from a tort committed by a servant in the course and scope of his employment. In the first place, there is no provision of our law which expressly renders a master solidarily liable with his servant for the latter's wrongdoing. The articles of the Civil Code from which his liability arises are the

following: Article 176.—"The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses." Article 177.—The master is answerable for the damage caused to Individuals or to the community in general by whatever is thrown out of his house into the street or public road, and inasmuch as the master has the superintendence and police of his house, and is responsible for the faults committed therein." Article 2320.—"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. * * *" Unlike Civil Code Article 2324, above discussed, which specifically makes joint tort-feasors "answerable in solido," not one of these last quoted codal provisions makes reference to a solidary obligation; each recites merely that the master is "answerable," the additional term "in solido" being omitted therefrom. And this circumstance of omission appears very significant.

In the second place the master often has no knowledge of the wrong committed by the servant and, when such is the case, to permit his being forced into a trial for it years later would be most unjust and unfair. Being uninformed about the facts and circumstances relative to the tort, and without the opportunity of gathering competent evidence because of the long delay, he would be at a great disadvantage in attempting to show his lack of liability. There would result a situation which our laws of prescription seek to prevent.

In support of their position herein, plaintiff's counsel depend largely on the following provisions of the Civil Code: Article 2091.—"There is an obligation in solido, on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor." Article 2097.—"A suit brought against one of the debtors in solido interrupts prescription with regard to all."

But these provisions must be construed in connection with Article 2093, reading: "An obligation in solido is not presumed; it must be expressly stipulated.

"This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."

And there is no provision of our law, as pointed out above, which declares that the liability of a master (who is without fault) is in solido with that of his servant.

Moreover, all of those articles, 2091, 2093 and 2097, are found under that portion of our Civil Code which deals with "conventional obligations;" they are not among the provisions relating to offenses and quasi offenses. True, this court in a few cases have applied them to tort claims. Among

these, and one relied on strongly by counsel, is Cline v. Crescent City Railroad Company and City of New Orleans, 41 La.Ann. 1031, 6 So. 851, 855. Therein the comment is offered that by reason of the provisions contained in Article 2091 et seq. the obligations imposed by Articles 2315, 2316, 2317 and 2320 "have been recognized as being solidary in effect, though not so stipulated." But no authority was cited in support of that comment. Furthermore, in that case, the court was not at all concerned with the solidarity of the obligations involved as affecting the interruption of prescription. The sole question for decision was whether the plaintiff had the right to join the railroad company and the City of New Orleans in the action brought to recover damages for the death of plaintiff's husband resulting from a defect in a street which both defendants were obligated to maintain. That question was presented by the railroad company's exception, sustained in the district court, which recited: "The plaintiff has no right to join the city of New Orleans and this defendant in the same action, and sue them in solido in the same suit." In overruling the exception, after discussing a number of prior decisions, the court said: "All of these cases serve to show why the policy of the law should be in favor of permitting the joinder of all parties in one suit who are charged with participating in an offense or quasi offense whereby damage results, and whose obligations are averred to be in solido, reserving their right to sever on the trial."

The conclusion reached in the Cline case is in keeping with our present jurisprudence which permits the joining of a master with a servant in a suit to recover damages for a tort committed by the latter. But the permitting of this practice is not because of any joint tort-feasor or solidarity relationship between the two; it is because of the more liberal rules of pleading and procedure that we now follow and, further, because the liability of each is determinable from the same factual situation.

The decision in Hiller Company, Ltd. v. Hotel Grunewald Company, Ltd., 138 La. 305, 70 So. 234, 235, is likewise not applicable. In that case the defendant was sued on an account for materials furnished to a contractor and used in the construction of its building, and the principal issue was whether or not a prior suit brought against the contractor interrupted prescription as to the defendant. In deciding the question in the affirmative, the court held that the defendant occupied the position of a surety, and as such was bound in solido with its contractor, since it had failed to require of the contractor the bond provided for by Act No. 180 of 1894. The following was said:

"The law of 1894 was enacted to secure workmen and furnishers of material by bond with good and solvent surety. Failing to require such bond, the owner was substituted as surety.

"The contractor and owner each being bound to pay the balance due the plaintiff, the obligation on their part is in solido. C. C. 2082, 2091."

Under the laws of this state a master does not occupy the position of a surety for his servant. If such were his status, there would be applicable to him, and appropriate to the instant case, Civil Code Article 3553 reading: "A citation served on the principal debtor, or his acknowledgment, interrupts the prescription on the part of the surety." But counsel for plaintiff neither cite this article nor contend that the defendant herein was surety for its employee, Sentell.

Not in point here are those cases which hold that liability insurers and their assureds are solidarily bound. The reason for solidary liability therein is to be found in the following specific provision of Act No. 55 of 1930: " * * * the injured person * * * shall have a right of direct action against the insurer company * * * and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido." Also inapplicable are the cases holding an employer and his compensation insurer solidarily responsible quoad an injured employee. The holdings result from interpreting the provisions of our Workmen's Compensation statute, Act No. 20 of 1914, especially Sections 23 and 24, as imposing solidary obligations on the employer and

the insurer. Section 23 states: "No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, * * *. Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. * * *" Act No. 85 of 1926. Section 24 provides: " * * * that the insurer shall in all things be bound by and subject to the awards, judgments, or decrees rendered against such insured."

Finally, plaintiff's counsel further contend, in opposition to the plea under consideration, that prescription did not commence to run until March 20, 1945, that being the date on which plaintiff first learned that Sentell was in the employ of this defendant. And in support of the contention they cite McGuire v. Monroe Scrap Material Company, 189 La. 573, 180 So. 413. That case concerned a claim for the value of certain property allegedly stolen from plaintiff and illegally and fraudulently appropriated by defendants to their own use. The court held that although the theft was committed more than a year prior to the bringing of the suit prescription did not commence to run until plaintiff learned who had stolen the property and that there had been a conversion of it by the defendants. The situation there presented is, we think,

readily distinguishable from the instant one. Here the plaintiff knew who had caused the accident as well as the time of its occurrence; and with the exercise of reasonable diligence, it seems to us, he could have ascertained within a year by whom Sentell was employed and the reason for his traveling on the highway.

We conclude, therefore, that plaintiff's action against this defendant is barred by the prescription of one year. And, in view of this conclusion, our passing upon the merits of the case is unnecessary.

For the reasons assigned defendant's plea of prescription is sustained; and the judgment of the Court of Appeal, which rejected the demands of the plaintiff and of the intervenor, is affirmed.

O'NIELL, C. J., absent.