177 So.2d 784 (1965)
Homer H. LITTLE et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 6447.
Court of Appeal of Louisiana, First Circuit.
July 1, 1965.
Edwards & Edwards, Crowley, for appellants.
Horace C. Lane, Baton Rouge, William C. Bradley, Baker, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LOTTINGER, Judge.
This is a tort action arising from an automobile accident which allegedly occurred on September 13, 1963. The original suit was filed against Kathryn C. Whiddon and her insurer, State Farm Mutual Automobile Insurance Company, on May 19, 1964. By supplemental and amended petition filed on September 18, 1964, the petitioner attempted to make James Elmer Carpenter a party defendant in this suit, it being alleged that at the time of the accident the original defendant, Kathryn C. Whiddon, was an employee of James Elmer Carpenter, acting within the scope of her employment.
An exception of prescription was filed upon behalf of James Elmer Carpenter, the appellee herein, on the ground that the one year prescriptive period had expired and that citation served upon the employee would not interrupt the running of the prescription against the employer as the employer is not solidarily liable with the employee for the latter's torts.
*785 The Lower Court maintained the exception of prescription, and the petitioner has taken this appeal.
The sole and only question before this Court at the present time is whether or not the employer is liable in solido for the tort of his employee when there is no showing that they are joint tort feasors.
The Lower Court in maintaining the exception of prescription quoted from Canal Insurance Company v. Wascom, La.App., 148 So.2d 89, decided by this Court in 1962, as follows:
"A review of the law as set out in the Marionneaux case, the cases cited therein, and the Code articles reveals that the liability of a master for damages caused by his servant's negligence rests solely on the principle of respondeat superior and is derivative or secondary in all cases where the master himself is not at fault. Different from the common law, the master is not considered a joint tort feasor with his servant, and he is entitled to reimbursement from his servant in the event he is required to pay damages to a third party resulting from the servant's negligence. * * *"
The basis for the doctrine of respondeat superior is set forth in Article 2320 of the Louisiana Civil Code which provides as follows:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
"Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
Article 3552 of the Louisiana Civil Code, on the other hand, provides that "A citation served upon one debtor in solido, * * *, interrupts the prescription with regard to all the others and even their heirs." It is the contention of the petitioner-appellant that the filing of suit against the employee in the present case interrupted prescription as against her employer, the appellee, herein whom petitioner now seeks to have joined as a party defendant.
This same question was considered by the Supreme Court in Cox v. Shreveport Packing Company, 213 La. 53, 34 So.2d 373, wherein the Court said:
"* * * there is no provision of our law * * * which declares that the liability of a master (who is without fault) is in solido with that of his servant."
In Egan v. Hotel Grunewald Co., 129 La. 163, 55 So. 750, the syllabus which was written by the Court proclaims that:
"The contractor who executes the work for the owner is bound in solido with him, when they are joint tort-feasors."
We believe that this same principal would apply in the master-servant relationship, however, in the present case, no allegation is made by petitioner to the effect that the employer and employee are joint tort feasors. Of course if negligence had been alleged and proven against the employer-appellee, we believe that he would be obligated in solido with his employee and that, therefore, the service of citation upon the employee would have interrupted the running of prescription as against the employer. It is interesting to note that under the provisions of Article 2093 of the Civil Code, an obligation in solido is not presumed, it must be expressly stipulated. Furthermore, under the provisions of 2103 of the Civil Code, the obligation contracted in solido towards the creditor, is of right divided among the debtors, who, among themselves are liable each only for his part and portion. Therefore, although a creditor might collect *786 in full amount of the indebtedness from either one of the solidary debtors, this debtor has a right of recompense only for the pro-rata share from his co-debtor in solido.
On the other hand, under the doctrine of respondeat superior, the liability imposed upon the employer under the provision of 2320 of the Louisiana Civil Code for the damages occasioned by his servant's negligence, while acting within the scope of his employment, is derivative, or secondary, in all cases where the master himself is not at fault.
In the master-servant relationship, unless the master is a joint tort feasor, he has a right for full recompense from his servant, while a debtor in solido only has a right of recompense for the pro-rata share of his co-debtor in solido.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner-appellant.
Judgment affirmed.