LOTTINGER, Judge.
This is an action ex delicto for damages arising from personal injuries received by the plaintiff, Lucille Rough, a guest passenger in an automobile involved in a rear-end collision. Plaintiffs, Robert and Lucille Rough, were guest passengers in an automobile owned and operated by Daniel L. Sauder, which automobile was rear-ended by an automobile owned and operated by the defendant, Curtis P. Landry. Initially, plaintiffs, Robert and Lucille Rough, filed suit against Curtis P. Landry and his liability insurer, The Travelers Insurance Company (hereinafter sometimes referred to as Travelers). Landry and Travelers answered denying liability and in the alternative third partied Daniel Sauder and his liability insurer, Liberty Mutual Insurance Company (hereinafter sometimes referred to as Liberty), and in the further alternative pled that Sauder was concurrently negligent making him a joint tort feasor and therefore responsible for one-half of any judgment rendered in favor of the original plaintiff against the original defendant.
Subsequently, Wynona Sauder, wife of Daniel Sauder, and a guest passenger in his car, intervened and filed suit for personal injury damages against Landry and Travelers. Sauder then supplemented his answer to the third party demand by reconvening against Landry and Travelers for damages. Sauder further supplemented and amended his reconventional demand by pleading that Landry had the last clear chance to avoid the accident. Lastly, on December 13, 1974, Robert and Lucille Rough amended their original petition to further plead the negligence of Sauder and to name Liberty as a defendant in solido with Landry and Travelers. During the trial, Liberty filed an exception of prescription inasmuch as the accident had occurred on November 4, 1973, and this was the first time that Liberty had been named as a party defendant, and it was the contention of Liberty that the action against it had prescribed unless the Court should find that Liberty was a joint tort feasor with Landry and Travelers.
On June 20, 1975, the Trial Court rendered its judgment, finding that there was no negligence on the part of Curtis P. Landry and that the sole and proximate cause of the accident was the negligence of *770 Daniel L. Sauder. It dismissed the claim of Robert and Lucille Rough against Landry and Travelers as well as the reconven-tional demand of Daniel L. Sauder and the intervention of his wife, Wynona Sauder against Landry and Travelers. On October 20, 197S, the Trial Judge, realizing no mention having been made in the June 20 judgment of the claim by the Roughs against Liberty Mutual and the plea of prescription, rendered judgment maintaining the plea of prescription and dismissing their action. The judgment of June 20 has been appealed by Robert and Lucille Rough and Daniel and Wynona Sauder, and the October 20 judgment has been appealed by Robert and Lucille Rough.
The accident occurred at night on November 4, 1973, after Sauder pulled out of the parking lot at the Houma Bowling Lane, in Terrebonne Parish, onto Louisiana Highway 24. The Sauder vehicle was heading south toward Houma, after turning onto the highway, when it was hit from the rear by the vehicle operated by Landry. Daniel Sauder as well as Robert and Lucille Rough all testified that prior to pulling out of the parking lot they checked for oncoming traffic, did see a car approaching in a distance, but felt that they could safely complete their entrance onto the highway. Curtis Landry testified that he was traveling abo.ut 50 miles per hour, rounded a curve located three-tenths of a mile north of the parking lot, and could see this car right on him. Wayne Haddad, who was traveling this highway in the same direction as Landry and whom Landry had just passed, testified that Landry was traveling between 60 and 65 miles per hour at the time Landry passed him. Joseph Credeur was approaching the site of the accident from the south or the opposite direction as Landry and Haddad. He saw the Sauder car at the exit of the parking lot, saw the Landry car had already rounded the curve, and then saw the Sauder car pull out of the parking lot real slow as if he had not seen the approaching car. He realized that there was going to be either a rear-end collision between Landry and Sauder, or a head-on collision between Landry and himself. The investigating state trooper estimated that the point of impact was 51 feet from the parking lot exit, that Sauder was traveling 10 miles per hour, Landry 60 miles per hour, and that neither driver gave any indications of having been drinking.
The Trial Judge has not favored us with written reasons for judgment, other than his statement in the June 20, 1975, judgment that there was no negligence on the part of Landry, and the sole and proximate cause of the accident was the negligence of Daniel L. Sauder. From the above facts as found in the record, we must agree with the Trial Judge. Canter v. Koehring Company, La., 283 So.2d 716 (1973), reh. denied (1973).
The law is clear that the driver entering a main or favored highway is required to ascertain by looking and by other suitable means that his entry in the light of existing and visible traffic conditions may be made with safety.
As to the plea of prescription, it is well settled that citation served upon one of several joint tort feasors interrupts prescription as to the others. LSA-C.C. art. 3552 and Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948). Inasmuch as no negligence was found on the part of Curtis P. Landry, we agree with the maintenance of the plea of prescription by the Trial Judge.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by appellants.

Affirmed.