BAILES, Judge.
This is a personal injury suit in which an exception of prescription was sustained in favor of the State of Louisiana. The plaintiff has appealed that judgment.
On March 26, 1975, Joseph M. Hampton, while on duty as a deputy sheriff, was involved in an intersectional collision in Baton Rouge, Louisiana, with Edwin E. Foster, Jr., who was on a motorcycle at the time. The plaintiff sustained serious personal injuries as a result of the accident.
This protracted litigation followed. J. A1 Amiss, the sheriff of the Parish of East Baton Rouge, was originally made a defendant herein upon allegations that he was the employer of Hampton. An exception of no cause of action denying the employer-employee relationship was thereafter sustained in favor of the sheriff.
An amended petition was subsequently filed by the plaintiff naming the Parish of East Baton Rouge as Hampton’s employer. This petition was also met with an exception of no cause of action by the parish which denied that it was responsible for the acts of a deputy sheriff and that exception was also sustained.
On appeal, this court affirmed both judgments. Foster v. Hampton, 343 So.2d 219 (La.App., 1st Cir. 1977). The Supreme Court of this state also affirmed. Foster v. Hampton, 352 So.2d 197 (1977).
On January 11, 1978, a second amended petition was filed by the plaintiff naming the State of Louisiana as the employer of this deputy. Thereafter, the State did not timely file pleadings and a default judgment was entered against it in favor of the plaintiff on April 27, 1978.
On June 5,1978, the State filed an exception of one year prescription to the claim which was subsequently argued and maintained in its favor. We affirm.
As noted by the Supreme Court in its opinion previously referred to herein:
“. . . However, it is well settled that the deputy sheriff is an officer of the state. Williams v. Guerre, 182 La. 745, 162 So. 609 (1935); State v. Jones, 181 La. 390, 159 So. 594 (1935); State v. Titus, 152 La. 1011, 1016, 95 So. 106, 107 (1922). The State, then, may be considered the deputy sheriff’s ‘employer.’ Although the doctrine of respondeat superior might be available to hold the State vicariously liable for the negligent torts of its employee in the course and scope of his employment, the State is not a party to this proceeding.”
In this state, the filing of a suit against one obligor within the prescriptive period interrupts that prescription as to all solidary obligors. An employer is not, however, solidarily obligated with its employee. *659 Its obligation is vicarious only and prescription as to an employer is not interrupted by the filing of a timely suit against an employee. Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948). Moore v. Sun Oil Co., 357 So.2d 588 (La.App., 1st Cir. 1978). Little v. State Farm Mutual Automobile Ins. Co., 177 So.2d 784 (La.App., 1st Cir. 1965).
The amended petition which first made the State of Louisiana a defendant herein was filed some 33 months after the accident in which the plaintiff was injured. The appellant contends however, that, because they are political subdivisions of the state, the filing of its suit against the sheriff of the Parish of East Baton Rouge and the Parish itself, was sufficient to interrupt prescription as to the State of Louisiana. We conclude, however, that the constitutional and statutory provisions of our law dealing with suits against public bodies establish a clear delineation between the State, a state agency, or a political subdivision of the state.
Article 12, Section 10 of the Louisiana Constitution of 1974 provides:
“(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.”
LSA-R.S. 13:5102 distinguishes between a state agency and political subdivisions as follows:
“A. As used in this Part, ‘state agency’ means any board, commission, department, agency, special district, authority, or other entity of the state, but does not include any political subdivision or any agency of a political subdivision.
• B. As the term is used in this Part, ‘political subdivision’ means any parish, municipality, special district, school board, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.”
For suit purposes, the State of Louisiana is obviously an entity separate and apart from its agencies or political subdivisions, as defined, and the timely filing of a suit as to one does not interrupt prescription as to another unless they are solidarity liable.
The appellant further contends that the state is solidarily liable with Hampton because he is an officer of the state and that the timely filing of the suit against that officer interrupted prescription as to the State. That argument overlooks the nature of the relationship under the particular facts of this case, which were considered by the Supreme Court when it originally had this matter before it. As noted in the quoted part of its opinion above, the plaintiff here attempts to hold an employer responsible for the negligent torts of its employee while in the course and scope of his employment. These facts are suggestive of vicarious responsibility only and we find nothing therein to indicate the possibility of their being solidary obligors.
The plaintiff also maintains that, prior to the Supreme Court’s initial ruling in this case, it had no way of determining who the employer of Hampton was and that prescription should not begin running against it until the rendition of that judgment.
*660 That court observed that it long has been the settled jurisprudence of this state that a deputy sheriff is a state officer. Further, since Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939) and its progeny, it also has been recognized that a sheriff is not liable for the acts of a deputy under the doctrine of respondeat superior, master-servant, or principal-agent. This was plainly the law of Louisiana prior to the filing of this suit and prior to the events which created this cause of action.
Similarly, it previously had been determined that a parish was not responsible for the negligent torts of a deputy. Nielson v. Jefferson Parish Sheriffs Office, 242 So.2d 91 (La.App., 4th Cir. 1970). Clearly in light of these decisions, the “employer” of a deputy sheriff in this state is and has been the State of Louisiana.
If vicarious liability is to be imposed in those instances, the one year prescriptive period must be interrupted by a timely suit against that body. This was not done here. We are aware of no facts which could have been hidden or withheld. All of the information necessary for the plaintiff to sue the correct “employer” was available. In Patin v. Stockstill, 315 So.2d 868 (La.App., 1st Cir. 1975) this court said:
“Assuming the plaintiffs are correct in that the above proffers were improperly denied by the trial judge, the doctrine of ‘contra non valentem,’ nevertheless, does not apply in the instant case. Said doctrine is an exception to the general rules of prescription and establishes that prescription does not run against persons unable to bring an action or against persons who for some reason are unable to act. However, the mere failure on the part of a plaintiff to ascertain whom to sue within a year does not toll the running of prescription, Dagenhart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La.App., 1st Cir. 1970). Concealment of his identity by a defendant by silence alone is not enough to toll the running of prescription. Additionally, he must be guilty of some trick or contrivance tending to exclude suspicion and prevent the plaintiff from bringing his action. There must also be reasonable diligence on the part of the plaintiff to ascertain the identity of the party injuring him and the means of knowledge are the same in effect as knowledge itself, Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1960).” (Emphasis added)
The exception of prescription by the State of Louisiana was correctly maintained.
Foster also contends that to sustain the state’s exception of prescription here would be violative of his rights under the due process and equal protection clauses of the state and federal constitution. The imposition of a statute of limitations for the filing of suits has met constitutional requirements on many prior occasions. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); Davis v. Contorno, 234 So.2d 470 (La.App., 1st Cir. 1970). For those reasons and for the reasons cited by the Supreme Court in its first opinion herein, those arguments are rejected.
The judgment of the district court is affirmed, all costs of this appeal to be paid by the appellant.
AFFIRMED.