381 So.2d 789 (1980)
Edwin E. FOSTER, Jr.
v.
Joseph M. HAMPTON et al.
No. 65395.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 14, 1980.
*790 Michael R. Connelly, Baton Rouge, for plaintiff-applicant.
William J. Guste, Jr., Atty. Gen., Carmack M. Blackmon, Thomas S. Halligan, Asst. Attys. Gen., Dept. of Justice for State of Louisiana, for defendants-respondents.
WATSON, Justice.
In Foster v. Hampton, 352 So.2d 197 (La., 1977) plaintiff, Edwin E. Foster, Jr., was held to have no cause of action against the Sheriff and Parish of East Baton Rouge. This court there stated that the defendant deputy sheriff, Joseph M. Hampton, was an officer and employee of the State of Louisiana. The matter was remanded for further proceedings, and plaintiff filed an amended petition naming the State of Louisiana as defendant. The trial court sustained a peremptory exception of prescription on the part of the State. The Court of Appeal affirmed the judgment holding that the deputy sheriff and the State were not solidary obligors, and that the suit against the employee did not interrupt prescription against the State of Louisiana. A writ was granted to review the judgment.
The question presented now is whether the initial suit against the deputy sheriff interrupted prescription against his employer, the State of Louisiana.
The employment relationship between the deputy sheriff and the State is established, for the reasons stated in the prior opinion of this court. Wambles v. State, 283 So.2d 331 (La.App. 4 Cir. 1973) insofar as it conflicts with that finding, is expressly disapproved.
In Thomas v. W. & W. Clarklift, Inc. and Reliance Insurance Company, 375 So.2d 375 (La., 1979), a vicariously liable employer was held to be a solidary obligor with a concurrently negligent stranger. However, Cox v. Shreveport Packing Company, 213 La. 53, 34 So.2d 373 (1948) was distinguished. Cox held that a master is not solidarily liable with a servant for the latter's torts and suit against the servant does not interrupt prescription as to the master.
Civil Code article 2320 provides in pertinent part that:
"Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
The liability of the master, for harm caused by the servant's employment-connected creation of an unreasonable risk of injury, has been described as vicarious. Loescher v. Parr, 324 So.2d 441 (La., 1975); Caldwell v. Montgomery Ward & Company, Inc., 271 So.2d 263 (La.App. 2 Cir. 1972). Vicarious liability is indirect legal responsibility. Black's Law Dictionary, Fifth Edition, page 1404. In John Thomas, supra, the fact that the employer's liability was vicarious was held not to bar solidary liability between the employer and the concurrently negligent tort-feasor. Although the liability of the master for the tort of the servant is vicarious and they are not joint tort-feasors, both master and servant are nonetheless *791 obligated for the same thing, repair of the damage to the third party. LSA-C.C. art. 2091 states:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them exonerates the others toward the creditor."
The responsibility imposed by Civil Code art. 2320 has been recognized as a solidary one. Cline v. Crescent City R. Co., 41 La.Ann. 1031, 6 So. 851 (1889). Cline refers to in solido obligations as being perfect or imperfect. The solidarity is described as imperfect, when the parties are bound for the same thing but not on the same basis, as in the case here of master and servant. LSA-C.C. art. 2092.[1] When there is imperfect solidarity, jurisprudence states that suit against one party does not interrupt prescription as to the other. However, there is no legislative ground for the distinction drawn between perfect and imperfect solidarity. See the concurring opinion by Justice Tate in Wooten v. Wimberly, 272 So.2d 303 (La., 1973), and the comment at 35 La. Law Review 291. The distinction drawn between perfect and imperfect solidarity is untenable and must be rejected.
When a servant's actions during his employment create an unreasonable risk of harm to another, any resulting liability is solidary with that of his master. The injured party has only one cause of action against both, and suit against either the employer or the employee will interrupt prescription as to the other. Cox v. Shreveport Packing Company, 213 La. 53, 34 So.2d 373 (1948) is overruled.
For the foregoing reasons, the judgment of the trial and appellate courts sustaining the peremptory exception of prescription on the part of the defendant State of Louisiana is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
SUMMERS, C. J., concurs in the result only.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents.
MARCUS, Justice (dissenting).
The state was not a party to this cause at the time that our previous opinion in this matter was rendered. Therefore, I consider the statement therein that the state may be considered the deputy sheriff's employer was dicta.
In my view, a deputy sheriff is not an employee of the state. Rather, he is an employee of the sheriff who is an officer of the state provided for in La.Const. art. 5, § 27. I do not feel that the state should be responsible for the actions of constitutionally empowered officials and their employees. Therefore, I do not reach the question of whether or not Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948) should be overruled.
Accordingly, I respectfully dissent.
NOTES
[1] LSA-C.C. art. 2092:

"The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other."