STOKER, Judge.
This ease poses a question of prescription in a tort action. Plaintiff-appellant, Brenda Ann Langlinais, was injured in a vehicle accident on February 22, 1977. In her suit she alleges her vehicle was struck from the rear by a vehicle owned and driven by Richard Guillotte. In fact it was Richard Guillotte’s daughter, Catherine Guillotte, a minor, who was driving the vehicle which struck plaintiff’s vehicle and caused plaintiff’s injuries and damages. Richard Guil-lotte was not a passenger in the vehicle driven by his daughter. His only connection with the affair was that he was owner of the vehicle driven by his daughter.
The original suit filed February 17, 1978, was against Richard Guillotte for his alleged negligence and against his liability insurer, State Farm Mutual Automobile Insurance Company.[1] To the original petition Richard Guillotte and State Farm filed an answer denying the allegations of the petition except to admit the existence of a liability insurance policy issued by State Farm to Richard Guillotte. On May 27, 1980, plaintiff-appellant amended her suit to allege the true facts, that is, that Catherine Guillotte was the driver. In this supplemental and amended suit plaintiff-appellant alleged that Richard Guillotte “also be made a defendant ... in his capacity as administrator of the estate of his minor child, Katherine [sic] Guillotte.”
Richard Guillotte filed an exception of prescription to the supplemental and *107 amending petition. The trial court sustained the exception of prescription and dismissed the action.[2]
Brenda Ann Langlinais appeals the dismissal of her action on the basis of the prescription pleaded. We think the trial court was correct and affirm the dismissal. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975) and Sizeler v. Employers’ Liability Assurance Corp., 102 So.2d 326 (La.App.Orl.1958).
Plaintiff-appellant advances certain arguments to support the contention that the supplemental and amending petition relates back to the date of the filing of the original petition under LSA-C.C.P. art. 1153. The discussion in the cases cited above make it clear that this argument is without merit. Plaintiff also relies on certain jurisprudence which holds that service of a suit on parties “closely related” to the true defendant is sufficient to interrupt prescription, particularly Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (La.1945) and Stewart v. Maloney Trucking and Storage, Inc., 147 So.2d 62 (La.App. 4th Cir. 1962). These cases are not applicable because we are not dealing here with deceptively similar names or entities. Rather, we have a situation in which plaintiff alleged a cause of action against the father and not the daughter.
Plaintiff-appellant also urges that we follow the lead of Foster v. Hampton, 381 So.2d 789 (La.1980) which specifically overruled Cox v. Shreveport Packing Company, 213 La. 53, 34 So.2d 373 (1948). Cox held that suit against an employee did not interrupt prescription against the employer. Now under Foster v. Hampton, the reverse is true. We do not have analogous facts. In Foster the original petition correctly alleged that the employee negligently caused plaintiff’s injuries in driving a vehicle which struck plaintiff’s motorcycle. Later the employer was made a defendant and the employer, the State of Louisiana, urged prescription as a defense. The Louisiana Supreme Court discarded the Cox principle and held that suit against the employee interrupted prescription which might have run in favor of the employer. The original petition in Foster alleged a cause of action against the employee. In the case before us the original suit set forth a cause of action against the father for his alleged direct negligence, not a cause of action based on the daughter’s negligence.
For the foregoing reasons assigned the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
FORET, J., dissents with written reasons.

. On November 7, 1979, State Farm Mutual Automobile Insurance deposited its policy limits with interest into the registry of court. It prayed in the motion praying that the deposit be allowed that plaintiff be allowed to withdraw the funds and that such withdrawal be in full satisfaction of State Farm’s obligation to pay under the policy and that State Farm be dismissed from the suit. In this motion State Farm admitted that Richard Guillotte was the driver of the insured automobile at the time of the accident.

. Defendant-appellee, Richard Guillotte, also filed a motion for summary judgment and exceptions of no cause of action and res judicata. The trial court overruled the exceptions and denied the motion for summary judgment. In the brief filed on behalf of Richard Guillotte arguments are addressed to the failure of the trial court to grant him these forms of relief. We do not consider these issues as we do not find that Richard Guillotte appealed separately on these issues or answered the appeal to bring them up.