ON PETITION FOR REHEARING
Plaintiff’s attention is directed to Monell v. Dept. of Social Services of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), cited in our original opinion, which establishes that a municipality cannot be held liable under respondeat superior in a § 1983 suit.
Plaintiff’s reliance on Foster v. Hampton, 381 So.2d 789 (La.1980) is misplaced, as Foster dealt with the solidary liability of an employer with his tortfeasor-employee in an LSA-C.C. Art. 2315 action, not a federal § 1983 suit.
Furthermore, even if prescription had been interrupted by the federal court suit, it is hornbook law that prescription recommences after judgment in the prior suit becomes final. As we stated in Derbofen v. T.L. James & Co., Inc., 274 So.2d 734, at 738 (La.App. 4th Cir.1973):
*718 A suit which interrupts prescription ... prevents prescription from running until that suit’s final determination at which time the full prescriptive period begins to run anew. McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Federal Ins. Co. v. T.L. James & Co., La.App., 69 So.2d 636; Spring v. Barr, 9 La.App. 732, 120 So. 156.
The petition for rehearing is denied.