DEBBIE BERGERON AND RENEE SHAW
v.
SMITH & ASSOCIATES D/B/A PRO AUTO RENTALS, W. GLENN SMITH AND ROY P. ARCENEAUX.
No. 2007 CA 2410.
Court of Appeal of Louisiana, First Circuit.
June 11, 2008.
Not Designated for Publication.
BARRON M. WHIPPLE, Counsel for Plaintiffs/Appellees, Debbie Bergeron and Renee Shaw.
C. E. BOURG, II, Counsel for Defendants/Appellants, Smith & Associates, Inc. d/b/a Pro Auto Rentals, W. Glenn Smith and Roy P. Arceneaux.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
In this sexual harassment suit, defendants, Smith & Associates, Inc. d/b/a Pro Auto Rentals (Smith & Associates), W. Glenn Smith, and Roy P. Arceneaux, appeal a judgment rendered against them and in favor of plaintiffs, Debbie Bergeron and Renee' Shaw. Defendants also appeal the amount of the award of plaintiffs' attorney fees. For the following reasons, we vacate the award of attorney fees. In all other respects we affirm the trial court judgment.
Ms. Bergeron and Ms. Shaw filed a suit against defendants, alleging they were the victims of sexual harassment by Mr. Smith and Mr. Arceneaux. Ms. Bergeron and Ms. Shaw worked in the office at Pro Auto Rentals, which is the business name used by Smith & Associates, Inc. Mr. Smith was the owner of the company; Mr. Arceneaux was the regional manager. Mrs. Ashley Smith Ribardi, daughter of W. Glenn Smith, ran the office and was a corporate officer for the company. Ms. Bergeron and Ms. Shaw claimed that while working for the company, both Mr. Smith and Mr. Arceneaux subjected them to a pattern of sexual harassment, including verbal, physical, and mental abuse, and ultimately, termination. They claim that they did not report the incidents because there was no reporting procedure, and it was a manager and company owner committing the acts of harassment. Also, the other person in a managerial position was Ms. Ribardi, the boss's daughter. Ms. Bergeron and Ms. Shaw alleged that they sustained damages, including past and future lost wages, loss of earning capacity, emotional distress, mental anguish, and past and future medical expenses.[1] After a trial on the merits, the trial court found in favor of plaintiffs and awarded them each $10,000. It also awarded $7,000 in attorney fees directly to the plaintiffs attorney.[2]
Defendants appealed, alleging that the trial court erred in holding that: (1) Mr. Arceneaux was liable in damages for sexual harassment individually; (2) Mr. Smith was individually liable for sexual harassment as an employee of Smith & Associates; (3) Smith & Associates was liable jointly with Mr. Arcenaux and Mr. Smith for the alleged sexual harassment not reported to anyone prior to suit being filed; (4) Mrs. Ashley Smith Ribardi was not entitled, as an officer of the corporation, to review the first day of trial as company representative of Smith & Associates; and (5) the damages were not excessive and were established with sufficient proof.
State law prohibits sexual discrimination and harassment in employment. See La. R.S. 23:332. Louisiana's law mirrors the federal statute, 42 U.S.C. § 2000e (Title VII). There are two types of sexual harassment, one based on a quid pro quo[3] theory, and the other based on a theory of a hostile working environment. Meritor Savings Bank F.S.B v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91L.Ed.2d49(1986).
The claims in the present suit allege a hostile work environment. To prevail in a sexual harassment claim based on a hostile work environment, the plaintiffs must prove: (1) that they belonged to a protected class; (2) that they was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition or privilege of employment;" and (5) that the employer either knew or should have known of the harassment and failed to take prompt remedial actions. Boudreaux v. Louisiana Casino Cruises, Inc., 99-1168, p. 5 (La.App. 1 Cir. 6/23/00), 762 So.2d 1200, 1204. Notably, for sexual harassment to be actionable, it must be so severe or so pervasive as to alter the conditions of the victim's employment and create an abusive working environment. Meritor, 477 U.S. at 67, 106 S.Ct. at 2405. Also see Faragher v. Boca Raton, 524 U.S. 775, 787-88 118 S.Ct. 275, 141 L.Ed.2d 662 (1998).
Mr. Arceneaux and Mr. Smith allege that the trial court erred in finding them liable for sexual harassment. The record shows that at trial, the plaintiffs testified that they were subjected to repeated harassment of a sexual nature, including off-color jokes, sexual propositions, and sexual innuendos. This testimony was supported by another female employee. Julie Howard, a former employee, told the court that during office hours, both Mr. Arceneaux and Mi". Smith were known to tell "dirty" jokes. She also once heard Mr. Arceneaux commenting on noises Ms. Bergeron might make while having sex. Ms. Howard also testified about other inappropriate behavior by both Mr. Arceneaux and Mr. Smith. Ms. Shaw testified that she was asked to wear a bikini to work in an attempt to drum up business. She also testified that she was repeatedly subjected to off-color jokes and vulgar language. Both plaintiffs testified that these situations made their working conditions unpleasant and offensive.
Given the facts and circumstances herein, we conclude that the trial court did not err in finding in favor of plaintiffs. Having reviewed the evidence of record, we conclude that it was reasonable for the trial court to find that the actions and conduct of the defendants rose to the level necessary to support a finding of a hostile work environment. Title VII affords every employee the right to work in an environment free from discriminatory intimidation, ridicule, and insult. Meritor, 477 U.S. at 65, 106 S.Ct. at 2405.
Smith & Associates claims it should not have been found jointly liable for its employee's actions, when it had no notice of the alleged actionable activity. Louisiana Civil Code article 1796 states that solidarity of obligation shall not be presumed, but arises from a clear expression of the parties' intent or from the law. An obligation may be solidary though it derives from a different source for each obligor. LSA-C.C. art. 1797. Employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. LSA-C.C. art. 2320. Employers are not always automatically liable for sexual harassment by their supervisors. Meritor, 477 U.S. at 57, 106 S.Ct. at 2408. Under Louisiana law, liability extends to the employer only when the employee's tortious conduct is within the course and scope of the employment. Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224, 226. Generally, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform. However, there is an exception in cases of harassment; an employer is subject for vicarious liability to the victimized employee for an actionable hostile environment created by its employee supervisor with immediate authority over the employee. Faragher, 524 U.S. at 777-78, 118 S.Ct. at 2278.
An employer may defend itself from liability if it can show that it exercised reasonable care to prevent or correct any harassing behavior, and that the employee unreasonably failed to take advantage of any preventive or corrective opportunity provided by the employer to avoid harm. Faragher, 524 U.S. at 777-78, 118 S.Ct. at 2278.[4] In this case, it was uncontradicted that Smith & Associates failed to provide any reasonable complaint procedure for reporting inappropriate conduct. Additionally, both the owner of the company, Mr. Smith, and the area manager, Mr. Arceneaux, were participants in the harassing behavior.
Smith & Associates argues that the trial court erred in finding it liable in solido with its two employees. We disagree. In Foster v. Hampton, 381 So.2d 789 (La. 1980), this court recognized that an obligation is solidary when the requisites of the civil code are met. Id. See also LSA-C.C. art. 1797. Mr. Smith and Mr. Arceneaux are joint tortfeasors, and because their joint obligation is indivisible, they are subject to the rules governing solidary obligors. See LSA-C.C. arts. 1788 and 1789. Specifically, Mr. Smith and Mr. Arceneaux are liable for the harassment, and Smith & Associates is liable for not taking action against the harassment. Sampay v. Morton Salt Company, 395 So.2d 326, 328 (La. 1981). We therefore conclude that the trial court did not err in finding Smith & Associates liable in solido with the individual defendants.
Defendants allege that the trial court erred in awarding plaintiffs with an excessive amount of attorney fees. However, the trial court judgment was rendered not to plaintiffs, but" in favor of Barron M. Whipple, Attorney at Law," who is a nonparty. The trial court did not have jurisdiction to make this award; nor do we. We therefore will vacate the attorney fee portion of the judgment in the amount of $7,000 awarded to Barron Whipple.
Finally, the defendants allege that the trial court erred in not allowing Mrs. Ashley Smith Ribardi, as an officer of the corporation, to review the transcript of the first day of trial as a company representative and in awarding excessive damages. These issues were not briefed we therefore deem them abandoned pursuant to Uniform Rules  Court of Appeal rule 2-12.4.[5]
We vacate the portion of the decree in the judgment in favor of Barron Whipple, attorney at law, due to lack of jurisdiction. In all other respects, the trial court's judgment is affirmed in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.IB. We assess all appeal costs against appellants, Smith & Associates, Inc., d/b/a Pro Auto Rentals, W. Glenn Smith, and Roy P. Arceneaux.
VACATED IN PART; AFFIRMED IN PART
KUHN, J., dissenting.
I disagree with the imposition of damages against defendants based on a finding that they created a hostile work environment thereby subjecting plaintiffs to sexual discrimination and harassment.
Whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance; and the psychological harm. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). To prevail, plaintiffs must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, which is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Id., 510 U.S. at 21, 114 S.Ct at 370 (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)).
In the case before us, the evidence the plurality found to support the imposition of liability consisted of "off-color jokes, sexual propositions, and sexual innuendo," which included comments "on noises [plaintiff] Bergeron might make while having sex," and Shaw having been asked "to wear a bikini to work in an attempt to drum up business." Although offensive and distasteful, this evidence is insufficient to demonstrate that the workplace was permeated with discriminatory intimidation, ridicule, and insult of such severity or pervasiveness so as to have altered the conditions of the plaintiffs' employment and to have created an abusive working environment. Therefore, I would reverse the trial court and dismiss plaintiffs' claims. Accordingly, I dissent.
NOTES
[1] The defendants" answer to the petition included a paragraph entitled, "Third Party Demand," praying for costs and interest; the court converted this to a reconventional demand.
[2] The judgment also awarded legal interest on the attorney fee amount from April 26, 2007. In Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382, the court held that interest on attorney fees runs from the date of judgment, and judgment was not signed until May 8, 2007. This issue was neither raised nor argued and is therefore pretermitted.
[3] In defining "sexual harassment," the EEOC Guidelines describe the kinds of workplace conduct that may be actionable under Title VII. These include unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. 29 CFR § 1604.1(a) (1985). The Guidelines provide that such sexual misconduct constitutes prohibited '' sexual harassment," whether or not it is directly linked to the grant or denial of an economic quid pro quo. Meritor, 477 U.S. at 65, 106 S.Ct. at 2404.
[4] However, where the supervisor's harassment culminates in a demotion or discharge, that defense is no longer available. Id.
[5] all specifications or assignments of error must be briefed or the court may consider them as abandoned.