YARRUT, Judge.
Plaintiff filed this suit against Defendant to recover $1500.00, plus interest and costs, which he alleges he paid Monroe Building and Loan Association in settlement of an in solido judgment obtained against him and one Claude B. Sturdivant.
Plaintiff made a real estate loan with the Monroe Building and Loan Association, which was assumed by Defendant and later by Mr. Sturdivant, who defaulted in his payments. Monroe Building and Loan Association filed suit against Plaintiff and Mr. Sturdivant, and obtained a default judgment against both for $9,518.22. Pursuant to this judgment, the property was seized and sold at a sheriff’s sale for $6,000.00. Plaintiff alleges that he settled his share of the deficiency for $1,500.00. The Trial Judge awarded Plaintiff $1,500.00, together with interest and costs, from which judgment Defendant has taken this appeal.
On appeal, Defendant makes two contentions: (lj That Plaintiff abandoned his cause of action against Defendant under LSA-C.C.P. Art. 1113; and (2), that Plaintiff has not proven the $1,500.00 payment.
We find no merit in the first contention. LSA-C.C.P. Art. 1113 reads as follows:
“A defendant who does not bring in as a third party defendant a person who is *352 liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to apprise him that the suit had been brought. The same rule obtains with respect to a defendant in reconvention who fails to bring in as a third party defendant a person who is liable to him for all or part of the reconventional demand.” (Emphasis added.)
The above quoted article makes it clear that a litigant does not lose his cause or right of action by failing to bring a third-party action against a party who may be liable to him, unless that party can prove he had the means of defeating the action at the time the principal demand was made.
In this case, Defendant does not even allege that he had a defense to the original suit.
Defendant’s second contention is that Plaintiff has not proven the amount which he paid Monroe Building and Loan Association. Plaintiff claims that he made the payment by check but that he lost the cancelled check. The only documentary evidence which Plaintiff introduced was a deposit slip which shows that he deposited $1,500.00 to his own account, and a copy of a letter of authorization from the Monroe Building and Loan Association’s attorney directing the Clerk of Court to cancel the judicial mortgage against Plaintiff. The deposit slip, of course, is self-serving and proves nothing, and the letter to the Clerk of Court does not show the amount for which the judgment was compromised.
It is obvious Plaintiff could have easily obtained some documentary evidence showing the amount he paid the Homestead, or he could have called as a witness a representative of the Homestead familiar with the transaction.
We hold that, because corroborating evidence was readily available, Plaintiff’s testimony alone was not sufficient to prove the amount he allegedly paid the Homestead.
However, in view of the fact that the Trial Judge believed Plaintiff, we will remand the case in order to allow Plaintiff to introduce evidence to prove any amount which he paid Monroe Building and Loan Association pursuant to the judgment against him.
For the above reasons, the judgment appealed from is annulled and the case remanded to allow both parties to introduce any further admissible evidence. Plaintiff is to pay all costs of this appeal; all other costs to await the final determination.
Judgment annulled and case remanded.