BOUTALL, Judge.
This appeal involves the dismissal of a reconventional demand by the trial judge’s ruling maintaining exceptions of prescription and no cause of action filed by the defendant. For the reasons below, we reverse.
There are two separate lawsuits involved and the facts are these. The controversy arose out of a one-car accident, injuring Kevin Kern, the passenger. Kevin Kern sued both the driver of the car, Michael Mustacchia, and another defendant, Boh Bros. Construction Co., Inc., alleging their joint and solidary negligence. Aetna Insurance Company was the insurer of the car under a policy issued to Lawrence Kern, owner, providing liability, damage and collision coverage. Aetna was not made defendant in that suit. Boh Bros, settled this claim and obtained a written release and assignment of rights. The extent of the rights transferred by this release is at issue here.
Aetna, as subrogee of the collision claim, later filed a separate suit, which is the subject of this appeal, contending that the accident was caused by the negligence of Boh Bros, and others. Boh Bros, filed a reconventional demand seeking indemnity or contribution for the amount paid in settlement of the Kevin Kern suit. Then Aet-na filed the peremptory exceptions of prescription and no cause of action, the subject of this appeal. The trial judge maintained both exceptions and dismissed the reconven-tional demand. Boh Bros, appeals from this ruling.
I. PRESCRIPTION:
The accident occurred on February 8, 1975. The reconventional demand was not filed until June 8, 1976. Aetna contends, and the trial court found, that the recon-ventional demand was barred by the prescription of one year set out in Article 3536 of the Louisiana Civil Code. Boh Bros., on the other hand, argues that the Kevin Kern suit interrupted prescription as to a claim for damages against Aetna since Aetna and Mustacchia were solidary obligors. They further argue that because such suit was timely filed and never dismissed as to Mus-tacchia, prescription was interrupted with regard to Aetna and never again commenced.
Prescription is interrupted by the timely filing of a suit in a court with competent jurisdiction and in proper venue. L.R.S. 9:5801. It is well settled that a suit filed against an insured interrupts prescription as to the insurer, since an insurer and its insured are solidary obligors. Civil Code Article 2097; Pearson v. Hartford Accident and Indemnity Company, 281 So.2d 724 (1973).
By the terms of the policy in force at the time of the accident, Aetna insured any one driving the automobile owned by Lawrence Kern with the express permission of the owner. Since in its original petition in this suit, Aetna alleges that Michael Mus-tacchia was driving the car with the express permission of the owner, there is no doubt that Aetna was the insurer of the driver. We must conclude, then, that the suit by Kevin Kern interrupted prescription as to Aetna on the cause of action alleged therein.
It is difficult, therefore, to see how prescription could have run on this claim since the release expressly dismissed the Kevin Kern suit only as to Boh Bros, and that suit is still pending against Aetna’s insured. Appellee argues the interruption cannot be used by Boh Bros. Due to the assignment of rights set out in the release and quoted below, however, Boh Bros, now occupies the position of subrogee and is the proper party to enforce the right subrogat-ed. See Code of Civil Procedure Article *929 697. Prescription, then, does not bar this claim.
II. THE EXCEPTION OF NO CAUSE OF ACTION:
Aetna contends that the release does not operate to reserve all rights which Kevin Kern had since the reservation of rights “had to do with the suit in Civil District Court (the Kevin Kern suit)” and that therefore this is not the express reservation of rights required by Article 2203. Aetna alternatively argues that Boh Bros, should have asserted any rights assigned in the original suit and that they are without power to do so in a reconventional demand in another suit. We find that both of these contentions are without merit.
Revised Civil Code Article 2208 provides in part:
“Art. 2203. The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.”
The pertinent section of the release by Kevin Kern reads as follows:
“ ‘The aforesaid payment is also received in full compromise of the matter entitled: “Kevin Kern vs Boh Bros. Construction Co., Inc. and Michael Mustacchia,” No. 599-046 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, and I hereby instruct my counsel of record to file an appropriate motion dismissing said suit as to Boh Bros. Construction Co., Inc. alone, all rights which I have or may have against Michael Mustacchia and/or Aetna Insurance Co. as his liability insuror are specifically reserved and hereby assigned to Boh Bros. Construction Co., Inc. as additional consideration for the payment herein made, with prejudice, each party to pay their own costs.’ ”
It is difficult to imagine a release and assignment of rights which is more express in its language. Kevin Kern specifically reserved and assigned all rights which he possessed to Boh Bros. To require more is to ignore the clear meaning of the document.
Aetna’s alternative contention is equally incorrect under the express language of Code of Civil Procedure Article 1113 which reads as follows:
“A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to apprise him that the suit had been brought. The same rule obtains with respect to a defendant in reconvention who fails to bring in as a third party defendant a person who is liable to him for all or part of the reconventional demand.”
See also the decision of this court in Futch v. Nolden, 221 So.2d 351. (La.App. 4th Cir.1969). Since there is no allegation that Aetna had a means of defeating the action which was not used, Boh Bros, is free to assert its rights in a reconventional demand.
It is therefore Ordered that the judgment maintaining the exceptions be reversed. The case is hereby remanded to the trial court for trial of the issues involved. Costs of this appeal to be paid by the appellee, Aetna Insurance Company.

REVERSED AND REMANDED.