407 So.2d 2 (1981)
Dr. Lawrence J. KERN, Jr. Individually and on Behalf of His Minor Daughter, Kevin Kern
v.
TRAVELERS INSURANCE COMPANY, et al.
No. 12053.
Court of Appeal of Louisiana, Fourth Circuit.
October 21, 1981.
Rehearing Denied December 18, 1981.
Frank Sloan, Metairie, for plaintiffs-appellants.
Darryl J. Carimi, Gretna, for defendants-appellees.
Before GULOTTA, GARRISON and BARRY, JJ.
BARRY, Judge.
On March 25, 1970 plaintiff's minor daughter was a guest passenger in an automobile that was struck by an automobile driven by Glen Carimi. It was stipulated that at the time of this accident Carimi was an unemancipated minor residing with his father and that Travelers Insurance Company had a liability policy in force covering the father's vehicle which the minor was driving with his father's consent.
Plaintiff originally sued the minor's father, Travelers, and others, alleging negligence of the minor. On March 24, 1971 plaintiff filed a supplemental petition adding Chrysler Corporation as a defendant alleging the Carimi vehicle was defective. Chrysler answered with an exception of vagueness that was maintained and which plaintiff failed to cure allowing Chrysler to be dismissed without prejudice. On March 16, 1979 plaintiff sued Glen Carimi, then of majority, and also prayed that the petition against Chrysler be re-alleged and reiterated. On April 4, 1979 an amended petition was filed asserting the joint and solidary liability of Carimi, his father, Travelers and Chrysler.
On April 7, 1980 Glen Carimi filed an exception of prescription which was maintained. Plaintiff now appeals urging that Carimi is liable in solido with his father, Travelers, and Chrysler and a timely lawsuit against any solidary obligor interrupts prescription as to other solidary obligors.
The District Court cited Wooten v. Wimberly, 272 So.2d 303 (La.1972) in determining *3 that this tort action did not create a solidary obligation between father and son. The majority in Wooten[1] held that C.C. Art. 2318, which imposes liability on the father for the torts of his minor, does not expressly create an in solido obligation, therefore solidarity cannot be presumed because C.C. Art. 2093 provides:
An obligation in solido is not presumed; it must be expressly stipulated.
This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law.
Wooten relied upon Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948) which said that a vicariously liable master and servant were not solidarily obligated for the latter's employment-related tort. Thomas v. W. & W. Clarklift, Inc. and Reliance Insurance Company, 375 So.2d 375 (La.1979) held that a vicariously liable employer was a solidary obligor with a concurrently negligent stranger; however, Cox was distinguished. In Thomas "the fact that the employer's liability was vicarious was held not to bar solidary liability between the employer and the concurrently negligent tort-feasor." Foster v. Hampton, 381 So.2d 789 (La.1980) at p. 790.
In Foster our Supreme Court found a master and servant solidarily liable although the master's liability is vicarious and they are not joint tort-feasors. The Foster court said both master and servant are obligated for the same thing and come under C.C. Art. 2091 which states:
There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
Foster concluded that the injured party has only one cause of action against the employer and employee, and suit against either will interrupt prescription as to the other. Cox v. Shreveport Packing Co. was expressly overruled.
Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960) considered whether a plaintiff, after settling with the tort-feasor and reserving his rights, can proceed against the tort-feasor's employer. The Williams court, relying upon Cox, held that the employer was also released reasoning that without solidarity a release of the employee precluded recovery against the employer whose liability was only derivative in nature. However, Sampay v. Morton Salt Company, et al, 395 So.2d 326 (La.1981), again considering the employer-employee relationship, stated that an obligation is solidary if the requisites of C.C. Art. 2091 are met and overruled Williams, holding that the reservation of rights against the solidarily liable employer was effective. Chief Justice Dixon criticized the Cox court for "utilizing a restrictive method of interpreting the Civil Code" in its conclusion that solidarity cannot exist without an express provision of law. The Sampay court reasoned that liability is imposed upon the employer without regard to his own negligence or fault and is a consequence of the employment relationship; and although the employer and employee are not joint tort-feasors, they are nonetheless each obligated for the same thingtotal reparation of the damages to the victim. "The derivative nature of the employer's liability is of no concern to the victim, and he can compel either the employer or the employee to compensate him for the whole of his damages." Sampay, supra, at p. 328.
Our interpretation of Foster and Sampay leads us to conclude that the vicarious responsibility of the father for the delicts *4 of his minor child[2] creates an obligation whereby the father and child are each obligated for the same thingtotal reparation of the damages to the victim. The victim can compel either the father or minor to compensate for the whole of his damages and payment by either exonerates the other. That being so, the requisites of C.C. Art. 2091 are met and the father's vicarious liability under C.C. Art. 2318 is in solido with the minor. One consequence thereof is that citation served on one solidary obligor interrupts prescription as to all other solidary obligors. Sampay, supra, and Foster, supra.
As to the solidary liability between the minor and Travelers, this court has held that suit against the omnibus insured (the minor driver) interrupted prescription as to the insurance company since the insured and insurer are solidarily liable under C.C. Art. 2097. Aetna Insurance Company v. Boh Brothers Construction Company, 365 So.2d 927 (La.App. 4th Cir. 1978). Conversely, if suit was timely filed against Travelers, which is solidarily liable with the omnibus insured minor, prescription was also interrupted as to the minor.
Plaintiff alleged the joint negligence of the minor and Chrysler and as joint tort-feasors they are liable in solido. C.C. Arts. 2324, 2091, 2093.
For the foregoing reasons the judgment of the District Court maintaining the exception of prescription filed by the defendant, Glen Carimi, is hereby reversed and set aside and this matter is remanded to the District Court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Justice Tate concurred in the result but wrote that "... the majority reasoning is erroneous and does fundamental violence to our civil law concept of solidary obligations, ...". Justice Barham adopted Justice Tate's reasoning but dissented from the result urging "... the majority opinion in this case not be allowed to stand in our jurisprudence. I believe it to be totally erroneous in its discussion of the solidary obligation and totally erroneous in its application of the law of prescription."
[2] The minor is liable to the plaintiff for his tort by virtue of C.C. Art. 2315 which requires a tort-feasor to pay for damage done by his fault. Minority is not a defense against personal liability for damages occasioned by negligence. C.C. Arts. 1785, 1874, and 2227.

The father of the minor is also liable for damages caused by his minor's delicts. C.C. Art. 2318, Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971).