COVINGTON, Judge.
John W. Otzenberger, individually and as natural tutor (administrator) of the estates of his minor daughters, Gina Victoria, Donna Lynn and Deborah Sue, filed suit against Atlas Construction Company, its public liability insurer, Highlands Insurance Company, and the State of Louisiana, through the Department of Highways, for his special damages and personal injuries to his daughters as a result of a one-car accident.
The suit against Atlas and its insurer was based on the allegations that the construction company was engaged in the reconstruction of the two-lane, generally North-South highway in question (Louisiana Highway 445), which was allegedly defective in ways that caused or contributed to the accident which resulted in the alleged damages and injuries. Motion for summary judgment was filed by Atlas and its insurer, supported by depositions and documents (including the pertinent specifications), asserting that the construction of the highway had been completed and it had been accepted by the Department prior to the accident and that the highway had been built according to the Department’s specifications. Prior to the trial, summary judgment was granted pursuant to this motion, and no appeal was taken; hence, the construction company and its insurer are no longer parties to the action.
The Department answered the suit and filed a third party demand against Otzen-berger, individually and as administrator of the estate of his minor child, Deborah Sue. The third party demand was opposed by Commercial Union Insurance Company, the insurer of Otzenberger, which alleged that it had compromised the claims of Gina and Donna in the amounts of $10,000.00 and $1,000.00 respectively. The opposition was referred to the merits.
The case was tried in the Twenty-first Judicial District Court for the Parish of Tangipahoa before Burrell J. Carter, Judge, who rendered judgment against the Department and in favor of Gina Otzenberger in the amount of $175,000.00; in favor of Donna Otzenberger in the amount of $13,500.00; and in favor of John Otzenberger in the amount of $5,898.80. The judgment also dismissed the third party demand of the Department. Although the judgment was silent as to the claim of Deborah, the trial court found her contributorily negligent and effectively denied her recovery. The Department suspensively appealed. Appel-lees answered the appeal, denying the liability of Deborah and complaining of the reduction of their award because of a settlement with Otzenberger’s insurer.
The accident occurred on November 27, 1975, on Louisiana 445 in Tangipahoa Par *366 ish, Louisiana. On that date, the Otzenber-gers had attended a family Thanksgiving dinner at the home of John Otzenberger’s mother-in-law in Madisonville, Louisiana. At about 4:30 p. m. the three Otzenberger minor children left Madisonville with Deborah, then 16 years old, driving the automobile of her boyfriend, Pat Bourgeois, in which her two sisters, Gina and Donna, were passengers in the back seat, and Bourgeois was in the front seat. As Deborah proceeded north on Highway 445, a road she had never driven before, she approached the intersection of Highway 445 with Highway 22, which formed a left banked curve. As she entered the curve, the wheels on the right side of the vehicle left the pavement onto the shoulder, causing her to spin out of control, cross the highway into a ditch on the west side of the highway and eventually to crash into a tree.
The evidence in the record establishes that the curve was not properly marked by warning signs. At the point of the accident the shoulder was significantly lower than the roadway (from four to six inches) and the shoulder surface was soft and muddy. In discussing the conditions of the roadway at the point of the accident, the trial judge stated:
“At the trial of this matter, numerous witnesses testified with respect to their observations of Highway 445, and it appears from the great weight of credible evidence that a defect did exist in the shoulder portion in that it was muddy and soft, and there was a drop-off from the paved roadway to the shoulder. ... “Taking into consideration all of the evidence adduced, the Court finds that plaintiff has proved by a preponderance of the evidence that a dangerous condition did exist in the drop-off from the paved portion of the highway to the shoulder, and, further, that the shoulders were in a defective state, either because they had not been finalized properly, or because there had been settlement of the ground below the shoulders which had not been repaired by the Department of Highways. These circumstances proximately caused the accident and give rise to liability on the part of the Department of Highways.”
This case presents the issue of whether a motorist who drives off the paved portion of a state highway onto the shoulder, and who thereby loses control of her vehicle due to the condition of the roadway and shoulder, is liable as a joint tortfeasor with the Department for injuries to her passengers. Thus, the question of the liability of the Department resulting from the condition of the roadway and shoulder is necessarily an issue, as is the negligence vel non of the motorist.
The Highway Department has the basic responsibility for the maintenance of State highways. LSA-R.S. 48:21,191. The Department is required to maintain the State’s highways in a reasonably safe condition for motorists exercising ordinary care and reasonable prudence. Although the Department is not an insurer of the safety of motorists using State highways, it can not knowingly allow a condition to exist which is hazardous to a reasonably prudent motorist. Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3 Cir. 1974), writ denied, 303 So.2d 182 (La.1974). Included within the Department’s duties is the maintenance of the shoulders of the highway in a reasonably safe condition. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); Watson v. Morrison, 340 So.2d 588 (La.App. 1 Cir. 1976), writs denied, 341 So.2d 1134 (La.1977), 342 So.2d 218 (La.1977).
The evidence reveals that the dangerous condition of the shoulder existed at the time of the accident and that the Department had constructive knowledge of that condition. At the trial, a number of witnesses testified to the substantial drop-off and the muddy and soft condition of the shoulder. Anthony Notariano, who lived near the site of the accident, stated that there was a drop-off of from four to six inches between the surface of the highway and the shoulder, and that the shoulder was in a muddy, clayey, unfinished condition. Notariano knew that Department employ *367 ees were working in the area at or around the time of the accident. There were no signs warning of the curve at the time of the accident. Notariano’s testimony was corroborated by other witnesses for plaintiffs. The testimony of defense witnesses did not rebut the testimony of Notariano and the other plaintiffs’ witnesses.
The trial court chose to believe the testimony of the plaintiffs’ witnesses. We can not say that he was clearly wrong; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Further, when testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact by the trier of facts should not be disturbed on appeal; Martin v. Feiber, 357 So.2d 5 (La.App. 1 Cir. 1977).
We find that the evidence in the instant ease fully establishes that the shoulder of the highway at the point of the accident was defective in that a substantial drop-off from the paved portion to the shoulder existed and that the shoulder was soft, muddy and hazardous.
The negligence of the Department in allowing such a hazardous condition to exist has been recognized in the cases of Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), and Rue v. State, Department of Highways, supra. We agree with the trial judge’s conclusion that this hazardous condition was a proximate cause of the accident.
With respect to the requirement that the Department have actual or constructive knowledge of the condition of the shoulder, the evidence establishes that the Department had employees working in the area who had ample opportunity to observe the condition of the roadway and shoulder on frequent, if not daily, occasions. Moreover, these employees were aware that the recent completion of the shoulders would involve settling of the clayey material of the shoulders to such an extent that a significant drop-off would be caused. Such circumstances are tantamount to the requisite constructive knowledge, as the courts found in Harrison v. State, Department of Highways, 375 So.2d 169 (La.App. 2 Cir. 1979), and Robertson v. Handy, 354 So.2d 626 (La.App. 1 Cir. 1977), writ denied, 356 So.2d 434 (La.1978).
We thus hold that the record supports the trial court’s conclusion that the Highway Department was negligent in allowing such a dangerous condition to exist, which condition was a proximate cause of the accident in question.
Concerning the negligence or contributory negligence of Deborah Sue Otzen-berger, the driver of the vehicle involved in the accident, the evidence supports the trial court’s finding that Deborah failed to exercise the proper lookout and control of the car as she approached the curve on Highway 445. Under the circumstances, her actions do not constitute the type of “simple inadvertence” found by the court in Rue, supra. See Sinitiere v. Lavergne, supra. Sinitiere makes it clear that, under the circumstances of this ease, Deborah was negligent in her failure to control her vehicle in making her re-entry onto the roadway under the conditions then existing. Robertson v. Handy, supra.
Thus, we find, as did the trial court, that Deborah and the Department were joint tortfeasors. She is liable to the passengers, Gina and Donna, and is precluded from recovering damages for herself from the Department.
Also, as held in Sinitiere, supra, Deborah and the Department, both having been negligent in their actions and each having been a substantial cause of the accident herein, are solidary debtors. See Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The other significant issue raised on this appeal is the amount of the reduction in the award to which the Department is entitled due to the settlement or compromise between Commercial Union and Gina and Donna Otzenberger. The trial court held that although the settlement (release) prevented the Department from seeking *368 contribution from a joint tortfeasor, the remedy provided by law in such cases is to reduce the award by one-half, which the trial court did. When a plaintiff releases one of two joint tortfeasors, the unreleased joint tortfeasor is effectively deprived of the right of contribution. Recognizing this, the case of Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir. 1964), holds that the plaintiff in such a situation is only entitled to recover one-half of his damages from the unreleased tort-feasor. See Sibley v. Menard, 398 So.2d 590 (La.App. 1 Cir. 1980), writ denied, 400 So.2d 211 (La.1981).
The Department contends that its pro rata share of the award should be one-third instead of one-half, because the release in favor of Commercial Union operated to release both John Otzenberger and his daughter, Deborah. Such a contention is refuted by the holding of Cunningham v. Hardware Mutual Casualty Company, 228 So.2d 700 (La.App. 1 Cir. 1969), wherein it was recognized that contribution is computed on the number of tortfeasors; each is liable for his numerical pro rata share. See LSA-C.C. art. 2103. As decided above, there are the Department and Deborah Ot-zenberger as joint tortfeasors. There is no basis for finding that John Otzenberger was a joint tortfeasor. His only involvement in the accident is that he is the father of a minor daughter who was the driver of the offending vehicle. Mr. Otzenberger had no relationship with the vehicle involved; it was owned by Pat Bourgeois, the boyfriend of Deborah. He is not solidarily liable with his daughter, Deborah Sue Otzenberger.[1] Wooten v. Wimberly, 272 So.2d 303 (La.1972). Hence, reduction of plaintiffs’ recovery is correctly computed at one-half by virtue of the release of Commercial Union, not two-thirds as contended by the Department. See also Tabb v. Norred, 277 So.2d 223 (La.App. 3 Cir. 1973), writ denied, 279 So.2d 694 (La.1973).
The Department has also raised the issue of the effect of the granting of the summary judgment in favor of Atlas Construction and its insurer on the matter of contribution and reduction of the award. It is asserted by the Department that since Mr. Otzenberger originally sued Atlas and its insurer, alleging negligence of Atlas, but then did not oppose the granting of the summary judgment, he in effect voluntarily released them from the lawsuit. This argument is without merit. The law, not Mr. Otzenberger, gave the Otzenbergers no claim and caused the suit against Atlas to be dismissed. See Gayle v. Department of Highways, 205 So.2d 775 (La.App. 1 Cir. 1967), writ refused, 251 La. 932, 933, 934, 207 So.2d 538, 539 (1968). There was no release by Otzenberger which prevented the Department from pursuing any claim against Atlas. The granting of the summary judgment against Otzenberger in favor of Atlas in no way prejudiced the Department’s rights. If the Department had a claim against Atlas (which the evidence shows it did not), it should have pursued it.
The Department further contends that John Otzenberger, as father of the minor children involved in this case, is *369 barred from recovery of his special damages. We agree. In Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1963), writ refused, 252 La. 460, 211 So.2d 328 (1968), the negligence of the minor child driving the vehicle involved was imputed to the father so as to bar his recovery individually for special damages, even as to those damages incurred as a result of injuries to children not negligently causing the accident. See also Gaudet v. G. D. C., Inc., 383 So.2d 1289 (La.App. 1 Cir. 1980), writ denied, 385 So.2d 256 (La.1980). Consequently, the judgment is amended to delete the award in favor of John Otzenberger, “as tutor of Gina and Donna Otzenberger” (actually, in his individual capacity), in the amount of $5,898.80, with legal interest, and to deny him recovery for his damages.
For the reasons herein set out, the judgment appealed is amended, and as amended it is affirmed; costs of this appeal in the amount of $2,203.88 is to be paid by the defendant-appellant, State (the Department).
AMENDED AND AFFIRMED.

. Our attention has been directed to the case entitled “Dr. Lawrence J. Kern, Jr. Individually and On Behalf of His Minor Daughter, Kevin Kern versus Travelers Insurance Company, et al.”, No. 12053 on the docket of the Court of Appeal, Fourth Circuit, 407 So.2d 2. We find the Kem case distinguishable in that in that case the minor was operating the father’s vehicle with his consent, while in the instant case the minor was not operating her father’s automobile. Moreover, we consider Wooten v. Wimberly, 272 So.2d 303 (La.1972), which was decided by our Supreme Court, to be the controlling law. Wooten does not merely rely upon Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), for its conclusion that the tort action did not create a solidary obligation between father and child, as the Kern opinion suggests. The Wooten Court made a careful analysis of the father’s responsibility under LSA-C.C. art. 2318 and decided that the liability of the father-child relationship is not characterized as solidary. It is not for us to conjecture how the Supreme Court will decide this issue in the event it is again presented to that Court. The imposed responsibility of the parent under LSA-C.C. arts. 2317 and 2318 is liability without fault. The liability of the child in such cases is based on negligence (fault). The father is not a joint tortfeasor. He is obligated in a different manner from the perpetrator of the offense (the author of the injury).