KLEES, Judge.
On October 7, 1978, Michael Rednour and Hanon Scallan committed a battery on Plaintiff, Kevin M. Keller. Keller timely filed a suit against both parties, and in due course a default judgment was obtained against them.
After judgment was rendered, the plaintiff Keller learned that Michael Rednour was a minor at the time of the battery and instituted this lawsuit against Michael Rednour’s parents, Clifford D. Rednour and Mrs. J. S. Rednour alleging that the parents were responsible for the tortious conduct of their minor son, and also that they were solidary obligors with their son and Scallon.
In response to the lawsuit, defendants filed exceptions of no right of action and prescription asserting that they were not solidary obligors with their son and the suit against them was filed one year and 88 days after the incident occurred. The trial court maintained the exception of prescription thereby dismissing the plaintiff’s suit.
The issue brought before us on this appeal is whether the district court erred in concluding that the defendants are not soli-dary obligors with their minor son, Michael Rednour.
*358 Appellant argues that the defendants, although vicariously liable, are nonetheless solidary obligors and as such the timely suit filed against the minor interrupts the running of prescription as to the parents. Based upon the recent decision of Kern v. Travelers Ins. Co., 407 So.2d 2 (La.App. 4th Cir. 1981) writs denied Feb. 5, 1982, we must agree that his argument is correct.
The situation in Kern was very similar to that presented here. The only real difference lies in the fact that in Kern the plaintiff sued the parent and later sued the child who was then of majority. Plaintiffs filed suit against the notarially emancipated Michael Rednour[1] and later filed suit against the parents. Of particular significance is the following language in Kern :
Our interpretation of Foster and Sampay leads us to conclude that the vicarious responsibility of the father for the delicts of his minor child creates an obligation whereby the father and child are each obligated for the same thing — total reparation of the damages to the victim. The victim can compel either the father or minor to compensate for the whole of his damages and payment by either exonerates the other. That being so, the requisites of C.C. Art. 2091 are met and the father’s vicarious liability under C.C. Art. 2318 is in solido with the minor. One consequence thereof is that citation served on one solidary obligor interrupts prescription as to all other solidary obli-gors. Kern v. Travelers Ins. Co., supra.
We have carefully considered appellee’s argument and authorities cited, but find that the authorities which they rely upon have been specifically or impliedly overruled by Sampay v. Morton Salt Company, et al, 395 So.2d 326 (La.1981) and Foster v. Hampton, 381 So.2d 789 (La.1980).
Accordingly, the judgment of the District Court maintaining the exception of prescription filed by defendants Mrs. J. S. Rednour and Mr. Clifford D. Rednour, is hereby reversed and set aside and this matter is remanded to the District Court for further proceedings.
REVERSED AND REMANDED.

. Michael Rednour was emancipated by notorial act pursuant to L.S.A.-C.C. Art. 366 on June 22, 1977.