WATKINS, Judge.
Ned 0. Morris filed suit for damages against his former employer, Manufacturers’ Enterprises, Inc. (MEI), alleging that he was wrongfully terminated from a contract of employment. From a judgment rejecting his claim, Morris appeals.
In this appeal, Morris contends that the trial court erred in accepting the testimony of MEI’s witnesses, in rejecting his testimony, and in concluding that there was just cause for his discharge.
MEI is a Louisiana corporation engaged in the maintenance and overhaul of petrochemical plants. Morris began working for Southern Industrial Supplies, a subsidiary of MEI’s parent company, in January 1981. On April 2, 1981 Morris and MEI entered into a written contract of employment for a one year term.
Morris was assigned to work as a planner trainee on a job being performed by MEI for a company referred to as “Syn-crude” in Alberta, Canada. His primary duty was to maintain a planning board at the jobsite. This board was supposed to reflect the status of work being performed on the jobsite and was used by Syncrude and its contractors to keep abreast of work that was being planned, work that was being performed, and work that had been completed.
On June 10, 1981, Morris was notified by letter from Michael Campesi, vice-president of MEI, that his employment was terminated. In the letter, Campesi cited problems in MEI’s planning and scheduling department as his reason for discharging Morris.
The primary issue presented to the trial court was whether MEI had serious grounds for discharging Morris. Louisiana Civil Code Article 2749 provides:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
*584 The trial court found that MEI had good cause for terminating Morris. Campesi, Wallace Burns, MEI’s chief planner, and Clay Rickley, MEI’s general manager, all testified that they received complaints from Syncrude management about Morris’ performance. Campesi testified that he made two trips to Canada to speak to Morris, and on both occasions he informed Morris of the importance of keeping the planning board up to date and cautioned him about spending too much time in the field. Both Burns and Rickley testified that Morris failed to keep the planning board up to date.
Morris testified that no one complained to him about the quality of his work and denied having any discussion with Campesi. He also testified that the planning board was kept up to date.
The trial court chose to believe the testimony of MEI’s witnesses and concluded that there was good cause for Morris’ termination. After reviewing the record, we cannot say that this finding was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Further, when testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact by the trier of fact should not be disturbed on appeal. Otzenberger v. Atlas Construction Co., 408 So.2d 363 (La.App. 1st Cir.1981).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.