BOWES, Judge.
Plaintiffs appeal a judgment of the district court denying their claim for personal and property damages sustained by them in a car-bicycle collision. We affirm the finding of the trial court.
All parties agree that on July 26, 1979, there occurred an accident involving defendant, Terry Parker, who was operating his automobile in an easterly direction on Cypress Street in Metairie, and Dwayne Welch (then eight and one-half years of age), who was riding his bicycle home from a friend’s house. There were no witnesses to the accident and the respective versions of what actually happened tendered by the principals are conflicting and remains unreconciled.
Dwayne Welch testified that he had been visiting at a friend’s house located down the block and across the. street from his own home. Dwayne stated that he rode down the sidewalk until he was directly opposite his house; that he stopped and looked both ways and, at that time, thought he saw the defendant wave to him to proceed across the street, and that he was almost across the street when struck by the defendant’s car. We have read young Dwayne’s testimony very carefully, taking into consideration the fact that he is a child. Nevertheless, his testimony is so confusing, contradictory and illogical, that it lacks credibility. However, since his testimony accurately reflected his age, date of the accident, and details concerning rules involving operation of his bicycle given him by his parents, we are convinced that the boy had the capacity and maturity necessary to be contributorily negligent. See Wilkinson v. Hartford Acc. & Indent. Co., 411 So.2d 22 at 24 (La.1982).
On the other hand, Terry Parker testified that he was proceeding east on Cypress Street when the Welch boy, who was previously unobserved, without any warning, rode his bicycle out of a driveway on the right hand side of the street and struck his automobile on the right side.
Although there were no witnesses to the accident, the court did have the benefit of the testimony of the investigating officer, Vic Amstutz, which was submitted after the trial by deposition. Excerpts of that deposition follow:
Q ... Can you tell me, please, where the respective locations of the vehicles involved were when you came on the scene?
A The vehicle which Mr. Parker was driving was headed east on Cypress. He was in the right side of the roadway. The vehicle which the boy was driving, the bicycle, it was on the south side of the roadway, partially in the road, partially on the grass in front of Mr. Parker’s vehicle. The boy was lying in the driveway, 3740 Cypress, about two feet off the driveway ..".
Q In what direction was the bicycle facing?
A It was facing toward the roadway. ...
Q All right. Now, did you inspect the vehicle, the automobile in question that was driven by Mr. Parker?
A Yes sir. I remembered checking the front and hood and the side, the pas *709 senger’s side there. And the only place that I could see any type of fresh damage was right there by the quarter panel.
Q On what side of the vehicle would that have been.
A That’s the passenger’s side.
Q Okay. Did you look at the bicycle at that time?
A Yes, sir.
Q Could you tell whether or not it had been damaged?
A I don’t remember any damage. But according to my report I did see damage on the left side of the bicycle.
Q Now, did you check the roadway for any skid marks?
A Yes. I did. There was no skid marks....
Q All right. Subject to that objection, would you answer the question, please?
A Okay. It appeared to me that the boy was riding the bicycle westbound on the sidewalk. And that’s when he turned into the driveway toward the street, right there at 3740 Cypress. Because the sidewalk ended right past that residence.
Q Okay. Now, the — referring to your report, Deputy Amstutz, under the column Violations, you have a violation marked there. Can you tell me what that is and what that’s for, please?
A The violation is failure to yield. It was failure to yield while entering roadway from a private drive.
Q That was on which participant?
A Vehicle # 2, the bicycle.
The foregoing testimony tends strongly to corroborate Parker’s version of the collision and leaves no doubt in our mind but that young Dwayne Welch was at least contributorily negligent in causing the accident, which bars his recovery since the accident happened before the effective date of our comparative negligence law.
On the question of whether the negligence of the minor, Dwayne Welch, bars the recovery by the father-tutor of his expenses, arising out of the minor’s injuries, we recognize there is a split of authority among our brother circuits and that our Supreme Court has yet to address the question. After careful consideration of the opposing views, we have decided to agree with and adopt the more logical position taken by our brothers of the First Circuit. See Otzenberger v. Atlas Const. Co., 408 So.2d 363 (La.App. 1st Cir.1981); Gaudet v. G.D.C., 383 So.2d 1289 (La.App. 1st Cir. 1980) and authorities cited therein. It is our opinion that if a child is barred from any recovery by his own negligence, then it would be inconsistent and unjust to allow his tutor to recover in the child’s stead. Thus would be the result if the child’s negligence were not imputed to the parent.
Finally, addressing plaintiff’s claim that the trial court erred in holding the doctrine of last clear chance inapplicable, we point out the testimony of defendant, Terry Parker, who stated:
... I don’t know if he hit the car first or if I saw him first. All I know is that I didn’t have time to put on my brakes. I didn’t have time. It happened so fast there was, you know, nothing I could do. I don’t know, there might have been a period of time and there might not have been. It just happened too quick to judge.
We agree with the learned trial judge who found the doctrine inapplicable since the negligence of the plaintiff arose contemporaneously with any negligence of the defendant.
We have reviewed the entire record and our examination of all the testimony (both live and by deposition) convinces us (1) that the evidence presented to the trial judge forms an adequate basis for the judge’s finding and (2) that the district court was certainly not clearly wrong in its findings. In fact, we concur in most of them. Accordingly, this court should not disturb the evaluations and conclusions reached by the trier of fact. See Carollo v. Shoney’s Big *710 Boy Enterprises, 433 So.2d 803 (La.App. 5th Cir.1983); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Canter v. Koehring, 283 So.2d 716 (La.1973).
Accordingly, for the reasons stated above, we affirm the judgment of the district court. Because of our holding, we do not address the issue of “stacking” herein. Each side is to bear its own costs in this appeal.
AFFIRMED.